| | |
|---|---|
| Linda Hoard, ) | CASE NO. 4:11-cv-01461-TLW-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CONSENT CONFIDENTIALITY** |
| Oceana Resorts, LLC and Bay Watch Resort, ) | **ORDER** |
| LLC, jointly and/or severally d/b/a Bay Watch ) | |
| Resort and Conference Center, ) | |
| ) | |
| Defendants. ) | |

**CONSENT CONFIDENTIALITY ORDER**

WHEREAS the parties (the "Parties") to this Consent Confidentiality Order (the "Order") have stipulated that certain discovery material is, and should be, treated as confidential pursuant to the terms of this Order;

Therefore, it is hereby ORDERED that the Parties shall be subject to the following:

1. **Scope.** Plaintiff's responses to Defendants' Interrogatories Numbers 19 and 20, Request to Produce Number 20 and any Documents obtained by Defendants pursuant to such disclosures (hereinafter collectively the "Documents"[1] shall be subject to this Order concerning confidential information as set forth below.

2. **Protection of Confidential Material.**

   a. **General Protections.** Confidential Documents under this Order shall not be used or disclosed by the parties or counsel for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed

---

[1] Interrogatory Number 19 requests information related to Plaintiff's checking accounts, Interrogatory Number 20 requests Plaintiff's credit card information and Request for Production

1

(including any appeal of that litigation).

b. **Limited Third Party Disclosures**. The Parties and counsel for the Parties, are permitted to review documents which have been designated as confidential pursuant to this Order. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (i)-(iv) below. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated confidential pursuant to this Order:

   i. court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

   ii. consultants, investigators, or experts (collectively the "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

   iii. other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered; and

   iv. mediator(s) and employees of mediator(s) who have been engaged by the Parties and have responsibility for the preparation and mediation of the lawsuit.

c. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential pursuant to the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter

---

referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

3. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as CONFIDENTIAL; (2) where appropriate (*e.g.* in relation to evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The Parties understand that documents may be filed under seal only with the permission of the court after proper motion.

4. **Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a confidential designation remains with the Party asserting confidentiality.

    b. All material designated confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        i. the Parties agee to withdraw the confidential designation in writing;

        ii. the court rules that the documents should no longer be designated as confidential.

    c. Challenges to the confidentiality of documents may be made at any time and are

not waived by the failure to raise the challenge at the time of initial disclosure or designation.

5. **Treatment on Conclusion of Litigation.**

    a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order will be either destroyed or returned to the other party. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. Notwithstanding any language or terms in this Order to the contrary, upon conclusion of this litigation whether by settlement or trial, including any appeal(s) thereof, Counsel may retain one copy of documents designated as confidential provided such copy is retained in a sealed and secure manner under the control of the retaining counsel. Counsel may retain the confidential documents for the applicable period of time for which a claim of professional negligence could be brought in this jurisdiction. Thereafter, at the conclusion of the applicable period of time for which a claim of professional negligence could be brought in this jurisdiction, Counsel shall comply with the requirements of this Order.

6. **Order Subject to Modification.** This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for

purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

7. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the South Carolina Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

8. **Persons Bound.** This Order shall take effect when entered and shall be binding upon counsel who signed below, their respective law firms and their respective clients.

IT IS SO ORDERED.

September 5, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

5